IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| vs. | ) CRIMINAL NO. 05-00286-WS |
| | ) |
| RICKIE REDELLE TAYLOR, JR., | ) |
| | ) |
| Defendant. | ) |

**ORDER**

This matter is before the Court on the defendant's motion to dismiss. (Doc. 19). The defendant has been charged with possession of unregistered firearms in violation of 26 U.S.C. § 5861(d) and with possession of a firearm with the serial number removed, obliterated or altered in violation of 18 U.S.C. § 922(k). (Doc. 7). In muddled fashion, the defendant argues that neither the United States Constitution nor the relevant statutes provide the Court with jurisdiction over this prosecution.

For his constitutional argument, the defendant cites Article IV, which grants Congress "power to dispose of and make all needful rules and regulations respecting the territory or other property belonging to the United States." U.S. Const. art. IV, § 3, cl. 2. This clause "provides the basis for governing the Territories of the United States," *Kleppe v. New Mexico*, 426 U.S. 529, 539 (1976), and the several states of the Union are not "territories" within the contemplation of that provision. The defendant concludes that "Congress can do as it pleases in its own states; but NOT the 50 states." (Doc. 19 at 1).

The defendant assumes that the Constitution does not elsewhere grant Congress power to legislate with respect to activity occurring within a state. He is badly mistaken. In particular, Article I empowers Congress to "regulate commerce ... among the several states,"[1] language which on its face authorizes Congress to address conduct occurring within a state. As has been repeatedly held, Section 922(k) represents a proper exercise of this power.[2]

---

[1] U.S. Const. art. I, § 8, cl. 3.

[2] *E.g., United States v. Baer*, 235 F.3d 561, 563 (10th Cir. 2000); *United States v. Mack*, 164 F.3d 467, 473 (9th Cir. 1999); *United States v. Hernandez*, 85 F.3d 1023, 1031 (2nd Cir.

Similarly, Article I empowers Congress to "lay and collect taxes."[3]  Although this language does not itself mention taxation of activity occurring within states, the same clause specifies that all indirect taxes "shall be uniform throughout the United States,"[4] while all direct taxes "shall be apportioned among the several states."[5]  Taxation that must be uniform throughout the country or proportionate based on a census of the country's inhabitants necessarily is taxation that may be laid on activity occurring within a state.  Section 5861(d) has repeatedly been held to represent a proper exercise of Congress's power to tax.[6]

The defendant's statutory argument is equally meritless.  The defendant argues that Sections 922(k) and 5861(d) do not reach conduct occurring within a state (as opposed to a territory) because Congress did not expressly so provide.  (Doc. 19 at 4).   No such designation is required, however, because a federal criminal statute necessarily extends throughout the geographic scope of the sovereign unless the statute expressly provides otherwise.  The defendant suggests that Congress expressly limited the scope of Section 922(k) to conduct occurring within the District of Columbia, Puerto Rico and possessions of the United States, (Doc. 19 at 2), but the language to which he refers simply defines "State," for purposes of defining "interstate or foreign commerce," as "includ[ing]" these bodies.  18 U.S.C. § 921(a)(2).  The defendant assumes that the listing of these bodies without listing the several states demonstrates that the states are not covered by the statute.  (Doc. 19 at 4).  The provision, however, patently accomplishes precisely the opposite: it extends the reach of the term "State" — which necessarily includes the states of the Union — to encompass certain entities that are not states of the Union.

---

1996); *United States v. Diaz-Martinez*, 71 F.3d 946, 953 (1st Cir. 1995).

[3] U.S. Const. art. I, § 8, cl. 1.

[4] *Id*.

[5] *Id*. art. I, § 2, cl. 3; *accord United States v. Ptasynski*, 462 U.S. 74, 80 & n.9 (1983).

[6] *E.g., United States v. Thompson*, 361 F.3d 918, 921 (6th Cir. 2004); *United States v. Grier*, 354 F.3d 210, 215 (3rd Cir. 2003); *United States v. Gresham*, 118 F.3d 258, 261-62 (5th Cir. 1997).

Citing Article III, the defendant posits that the United States "has no judicial standing," (Doc. 19 at 4), a concept he plainly does not comprehend. The United States obviously is authorized to prosecute those charged with violating its laws, as both the Constitution and Congress grant this power.[7]

Finally, the defendant suggests vaguely that the indictment provides insufficient information to support a prosecution. (Doc. 19 at 1). "An indictment is sufficient if it: (1) presents the essential elements of the charged offense, (2) notifies the accused of the charges to be defended against, and (3) enables the accused to rely upon a judgment under the indictment as a bar against double jeopardy for any subsequent prosecution for the same offense." *United States v. Steele*, 178 F.3d 1230, 1233-34 (11th Cir. 1999)(internal quotes omitted). The instant indictment plainly satisfies these requirements.

Jurisdictional challenges such as the one the defendant mounts here have been aptly described as "patently frivolous." *United States v. Stabile*, 122 Fed. Appx. 856, 857 (7th Cir. 2005)(rejecting an argument that "jurisdiction over federal crimes arises only under the court's admiralty powers and regardless does not extend to offenses committed on lands not owned or controlled by the federal government"). The defendant's uninformed, tortured arguments are no stronger. For the reasons set forth above, the motion to dismiss is **denied**.

DONE and ORDERED this 26th day of December, 2005.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE

---

[7] Constitutionally, Article III provides that "[t]he judicial power shall extend to all cases, in law and equity, arising under the ... laws of the United States" and "to controversies to which the United States is a party," U.S. Const. art. III, § 2, cl. 1, and "there can be no doubt that Article III permits Congress to assign federal criminal prosecutions to federal courts." *United States v. Hugi*, 164 F.3d 378, 380 (7th Cir. 1999). Statutorily, "[t]he district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States," 18 U.S.C. § 3231, and "[s]ubject-matter jurisdiction in every federal criminal prosecution comes from [that section]." *Hugi v. United States*, 164 F.3d at 380.